**Jory LOWRENCE, Plaintiff,**

v.

**Charles SCULLY, et al., Defendants.**

**No. 82 Civ. 6921 (CBM).**

United States District Court,
S.D. New York.

June 13, 1983.

Jory Lowrence, plaintiff pro se.

Robert Abrams, Atty. Gen., of N.Y., by Melvyn R. Leventhal, Gerald Ryan and Joyce Andren, Asst. Attys. Gen., New York City, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MOTLEY, Chief Judge.

This action pursuant to 42 U.S.C. § 1983 alleging various violations of plaintiff's constitutional rights was tried before the court without a jury on May 5, 1983. The following are the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Plaintiff, an inmate at Green Haven Correctional Facility (Green Haven), brought this action for declaratory and injunctive relief claiming, *inter alia*, that he was being denied medical care for injuries sustained while he was incarcerated at the Clinton Correctional Facility (Clinton). Plaintiff subsequently moved to amend his complaint to name additional defendants and to add a claim for damages.

Plaintiff claims that on April 8, 1982, he was severely beaten by approximately sixteen Clinton corrections officers with clubs.

As a result of the alleged beating, plaintiff claims to suffer from dizzy spells and a leg injury which render him unable to walk. On August 5, 1983, plaintiff was transferred from Clinton to Green Haven. The crux of plaintiff's original complaint is that upon his arrival at Green Haven his wheelchair was taken from him and he was exposed to retaliation for the incident at Clinton.

Due to the serious nature of plaintiff's allegations, this court issued an order to show cause why a preliminary injunction should not issue in plaintiff's favor. After a hearing on November 18, 1982, the court declined to issue a preliminary injunction, but ordered that plaintiff be provided with a wheelchair pending trial. Thereafter, defendants continued with a battery of tests which had been scheduled to determine whether there was a medical explanation for plaintiff's alleged symptoms.

The medical evidence adduced at trial indicates that there is no medical reason why plaintiff cannot walk, although there is some evidence of atrophy in plaintiff's legs due to lack of exercise. Further, the medical tests administered to plaintiff show no indication that plaintiff sustained a serious beating. However, prior medical records do indicate that plaintiff displayed similar symptoms in 1977, and was diagnosed as suffering from hypochondrial neurosis. The court concludes that plaintiff was not deprived of needed medical care by the defendants. *See Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). In fact, it appears that plaintiff has received thorough medical attention.

In addition to the medical testimony and records received at trial, the court accepted into evidence the affidavits of two Green Haven inmates. These affidavits state that, on August 21, 1982, plaintiff passed out and struck his head. Plaintiff's fellow inmates shouted for the guards to come.

The guards came and summoned two nurses and a physician's assistant. Plaintiff's blood pressure was checked, he was given an ice pack for the lump on his head and some medication. This does not evidence deliberate indifference to plaintiff's medical needs.

Plaintiff also alleges that he was denied food on one occasion. However, it is abundantly clear from plaintiff's own testimony that the officer involved in that incident was simply unaware that the nurse had ordered that plaintiff be fed in his cell. By plaintiff's own admission, the officer was extremely helpful once the situation was clarified. This can hardly be said to be retaliatory behavior on the officer's behalf.

No evidence was introduced to substantiate plaintiff's numerous other claims, such as the prisons' refusal to allow plaintiff to see visitors unless he walked to the visiting room. However, the court notes that, in light of the medical evidence that plaintiff could have walked to the visiting room but refused, a more accurate view of the situation would be that the prison officials denied plaintiff's request for a wheelchair. They did not revoke his visitation privileges.

Plaintiff's motion to amend his complaint seeks to add as defendants a number of officers allegedly involved in the Clinton incident. However, none of these parties have been served and no evidence was introduced to support the plaintiff's allegations against them.

In sum, plaintiff has not sustained his burden of proof as to any of the claims in either of his complaints. The evidence herein does not sustain a finding of a deprivation of medical care nor of retaliatory conduct. The medical evidence controverts plaintiff's allegations of a beating and of a medical need for a wheelchair. At best the evidence supports only a finding of a pre-existing condition for which plaintiff received medically appropriate care.

Accordingly, the motion to amend the complaint is denied. Judgment will enter in favor of defendants. This action is hereby discontinued.

SO ORDERED.